UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNARD MULDER

    Plaintiff,

v.

LOCAL 705, INTERNATIONAL
BROTHERHOOD OF TEAMSTERS
PENSION FUND,

    Defendant.

Case No. 1:16-cv-01451

HON. JANET T. NEFF

**JOINT STATUS REPORT**

| | |
|---|---|
| Mark S. Allard (P38164)<br>VARNUM LLP<br>Attorneys for Plaintiff<br>Bridgewater Place, P.O. Box 352<br>Grand Rapids, MI  49501-0352<br>(616) 336-6000 | Timothy J. Ryan<br>JACKSON LEWIS, PC<br>Attorney for Defendant<br>61 Commerce Ave. SW, 5th Floor<br>Grand Rapids, MI 49503<br>(616) 940-0240<br><br>Patrick N. Ryan<br>BAUM SIGMAN AUERBACH & NEUMAN, LTD.<br>Attorney for Defendant<br>200 West Adams Street, Suite 2200<br>Chicago, IL 60606<br>(312) 236-4316 |

A Rule 16 Scheduling Conference is scheduled for May 16, 2017 at 10:00 a.m., before Hon. Ellen S. Carmody.  Appearing for the parties as counsel will be:

    Mark S. Allard, Varnum, Riddering, Schmidt & Howlett LLP on behalf of Plaintiff
    Timothy J. Ryan, Jackson Lewis, PC, on behalf of Defendant (by telephone).

1. <u>Jurisdiction</u>:   The basis for the Court's jurisdiction is:

Federal Question Jurisdiction:
    ERISA, 29 U.S.C. § 1, *et. seq.*

2. <u>Jury or Non−Jury</u>:   This case is to be tried by the Court as the trier of law and fact.

3. <u>Judicial Availability</u>:   The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. <u>Statement of the Case</u>:   This case involves:

<u>Plaintiff's statement of the case:</u>  This matter involves Mr. Mulder's claim for interest on a pension payment that was delayed for 28 years by the Defendant. Mr. Mulder applied for his 30 and Out pension benefit in 1987. The Defendant refused to pay Mr. Mulder that benefit, but also never denied that claim. In 1995, Mr. Mulder applied for his early reduced pension benefit, while still stating that he had 30 years of Credited Service pursuant to the plan. In October of 1995, the Defendant started to pay Mr. Mulder his reduced pension benefit at a rate of $388.00 per month, instead of the full, unreduced pension benefit that he was entitled to receive since he had 30 years of credited service. From 1995 through 2013, Mr. Mulder continued to compile information to establish that he was, in fact, entitled to 30 years of Credited Service. On January 24, 2014, the Defendant finally paid Mr. Mulder a lump sum payment of $235,446.52, since he had satisfied the Board of Trustees that he was entitled to his 30 and Out pension benefit from 1987, on.

Mr. Mulder then demanded documents and interest from the Defendant. The Defendant provided only a portion of the documents, and would not identify the interest that it had earned over the 28 years that it had retained his money, prior to payment.

Mr. Mulder then filed a claim for interest with the Defendant. The Defendant did not decide that claim for interest, and this litigation was then initiated. The parties then agreed, without waiving any arguments or defenses, that they would go through a claim process with the Board of Trustees. The Board of Trustees has now denied Mr. Mulder's claim for interest.

The items that are in dispute are as follows:

1. Is Mr. Mulder entitled to interest?

2. Was Mr. Mulder required to exhaust administrative remedies after making a demand for interest, when the Defendant failed to respond?

3. What is the appropriate interest factor to be applied to the non-payment of benefits?

4. How many years should the interest factor be applied to?

5. Is Mr. Mulder entitled to receive an additional $500 per month for his 30 and Out Pension, retroactively, to 1987?

6. Is Mr. Mulder entitled to $110 per day for the failure of the Plan to provide a Summary Plan Description?

<u>Defendant's statement of the case is as follows:</u>

    Defendant denies that it acted improperly regarding Plaintiff's benefit claims and denies that he is entitled to additional benefits or any interest on the benefits he was paid. The record reflects that Plaintiff acquiesced to the amount of monthly pension benefits he was paid by failing to question it between October 1995 and September 2011. Because the delay in reconsidering the amount of monthly pension benefits to which Plaintiff was entitled was due to Plaintiff's inaction for 16 years, Plaintiff's claim for interest on the retroactive award is barred by latches, unclean hands, estoppel or having otherwise slept on his rights, to the detriment of the Pension Fund and its other participants and pensioners.

    Plaintiff's claim for interest should further be dismissed because Defendant never received the May 2015 demand for interest attached to Plaintiff's complaint. Even if Plaintiff's request for interest were received, it would have been untimely.

    Plaintiff is not entitled to damages for any delay in producing records required by ERISA. Defendant responded to each request for information it received from or on behalf of Plaintiff, and Plaintiff never objected to such production as inadequate.

    Defendant generally agrees that Plaintiff's list of items in dispute states the primary issues to be addressed in this case, with two exceptions. For item # 2, Defendant excepts to the phrase "when the Defendant failed to respond", because it could not respond to a demand that it never received. The second exception would be to add: "7. What is the appropriate standard of review to be applied by the Court?"

5. Prospects of Settlement:   The status of settlement negotiations is:

    That the Board has made an offer to settle, through counsel, Patrick Ryan, to counsel for Mr. Mulder, Mark Allard. That offer was rejected, and a counter offer was made. No response has been made to the counter offer. Plaintiff's nonbinding range of damages is between $876,446.52 and $3,756,737.23.

6. Pendent State Claims:   This case does not include pendent state claims.

7. Joinder of Parties and Amendment of Pleadings:   The parties expect to file all motions for joinder of parties to this action by July 1, 2017. Plaintiff is granted the right to file an Amended Complaint by June 1, 2017, as to an increase of his pension benefit by $500 per month, retroactive to April, 1987, and to clarify Count II as to the failure to provide a Summary Plan Description, when requested.

8. Disclosures and Exchanges:

    (a)   FED. R. CIV. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures:

>The parties propose that the Defendant will produce the Administrative Record by June 1, 2017. The Parties do not agree that this matter will be decided by the Court on the Administrative Record, only. Mr. Mulder believes that discovery will be required after the Court decides the proposed Partial Dispositive Motion described in Paragraph 12, below.
>
>Once that Motion is decided, the parties believe that they will be able to agree on voluntary production at that time.

9.   <u>Discovery</u>:   The parties do not agree that discovery will be allowed in this matter. The parties recommend, therefore, the following discovery plan:

>Once the Court has determined the Partial Dispositive Motion, the parties would ask for a status conference, at which point a discovery plan would be established, should the Court determine that this record is insufficient to decide the ultimate issues in this matter.

10.   <u>Disclosure or Discovery of Electronically Stored Information</u>:   The parties have not discussed the production of electronically stored information and suggest that such information be determined following the decision on the proposed Partial Dispositive Motion.

11.   <u>Assertion of Claims of Privilege or Work−Product Immunity After Production</u>:

>No decision has been made relating to a procedure to deal with inadvertently disclosed materials, as the parties are not in agreement that discovery will be allowed.

12.   <u>Motions</u>:   The parties acknowledge that a pre−motion conference is required before filing any dispositive motion, and no motion papers shall be filed until the motion has been fully briefed. See Judge Neff's Information and Guidelines for Civil Practice, located on this Court's website, www.miwd.uscourts.gov.

The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good−faith effort to resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party, and may be filed without a pre-motion conference:

>By July 14, 2017, the Parties will file Cross- Motions for Partial Judgment on the Pleadings or Summary Judgment pursuant to FRCP 12(c) or 56, limited to whether Mr. Mulder is entitled to receive interest, what interest rate applies (if it can be determined from the Administrative Record), the date upon which interest was triggered (if it can be determined from the Administrative Record), whether Mr. Mulder is entitled to an extra benefit of $500 per month from April of 1987, forward, the Standard of Review to be applied by this Court under these circumstances, and whether the Court will decide this claim exclusively on the Administrative Record and pleadings. Should the Court

determine that any of these issues cannot be determined under the record provided, the Court will determine if discovery will be permitted.

13. <u>Alternative Dispute Resolution</u>:   In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution.

The parties would consider a form of Alternative Dispute Resolution if the case is not resolved by the motion identified in Paragraph 12.

14. <u>Length of Trial</u>:   Counsel estimate the trial, if allowed, will last approximately 5 days total, allocated as follows:   3 days for plaintiff's case, 2 days for defendant's case.

15. <u>Electronic Document Filing System</u>:   Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule.  The Court expects all counsel to abide by the requirements of this rule.  Pro se parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules.  Counsel opposing a pro se party must file documents electronically but serve pro se parties with paper documents in the traditional manner.

16. <u>Other</u>:   Besides those described above, this matter does not involve any special characteristics that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case.

Dated:  May 11, 2017                     */s/ Mark S. Allard*
                                         Mark S. Allard (P38164)
                                         Attorney for Plaintiff
                                         VARNUM LLP
                                         Bridgewater Place, P.O. Box 352
                                         Grand Rapids, MI 49501-0352
                                         (616) 336-6000

Dated:  May 11, 2017                     */s/ Timothy J. Ryan*
                                         Timothy J. Ryan
                                         Attorney for Defendant:
                                         JACKSON LEWIS, PC
                                         61 Commerce Ave. SW, 5th Floor
                                         Grand Rapids, MI 49503
                                         (616) 940-0240

Dated:  May 11, 2017 */s/ Patrick N. Ryan*
Patrick N. Ryan
Attorney for Defendant:
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL 60606
(312) 236-4316

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2017, served a copy of the JOINT STATUS REPORT, and this CERTIFICATE OF SERVICE to the Clerk of the Court for filing and uploading to the CM/ECF System, which will send notification of such filing to the e-mail address of the following persons:

*Patrick N. Ryan (pryan@baumsigman.com)*

*Timothy J. Ryan (timothy.ryan@jacksonlewis.com)*


By: */s/ Mark S. Allard*
Mark S. Allard (P38164)
Business Address & Telephone:
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501-0352
Telephone: (616) 336-6000
Fax: (616) 336-7000
msallard@varnumlaw.com

11798467_1.docx