UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNARD MULDER,

      Plaintiff,

v.

LOCAL 705, INTERNATIONAL
BROTHERHOOD OF TEAMSTERS,
PENSION FUND,

      Defendant.

Case No. 16 cv 1451

HON. JANET T. NEFF

**DEFENDANT'S ANSWER TO AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES**

Defendant, LOCAL 705, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, PENSION FUND ("Defendant" or "Pension Fund"), by and through its attorneys, hereby answers Plaintiff's Amended Complaint, stating as follows:

**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

**I.    JURISDICTION AND VENUE**

    1.    Plaintiff Bernard Mulder is an individual residing in Nashville, Barry County, Michigan.

    ANSWER 1:    Defendant admits the allegations of Paragraph 1.

    2.    Defendant Local 705, International Brotherhood of Teamsters, Pension Fund, is an ERISA Retirement Plan with its principal place of business in Chicago, Illinois. This Defendant will be referred to as the "Pension Fund" throughout. The plan document and summary plan description represented by Defendant as being in effect on Bernard Mulder's retirement date are attached as Exhibits A and B, respectively.

    ANSWER 2:    Defendant admits the allegations of Paragraph 2.

3. The Pension Fund breached its duties to pay pension benefits to Bernard Mulder in Barry County, Michigan, by failing to pay his rightful pension benefits from April 1, 1987 until January 24, 2014, and by refusing to pay interest on the lump sum payment made on January 24, 2014, and by withholding an additional $500 per month benefit owed to Mr. Mulder.

ANSWER 3: Defendant denies the allegations of Paragraph 3.

4. Jurisdiction is proper in this court pursuant to 29 U.S.C. §1132(e)(1).

ANSWER 4: Defendant admits the allegations of Paragraph 4.

5. Venue is proper in this court pursuant to 29 U.S.C. §1132(e)(2), as this is the District where the breach took place regarding failure to pay pension benefits on a timely basis, and failure to award interest on the pension benefits when they were, ultimately, paid.

ANSWER 5: Defendant admits that venue is proper in this court based on Plaintiff's allegations, but denies the substance of the allegations of Paragraph 5.

## II. GENERAL ALLEGATIONS

6. Plaintiff restates ¶1-5, above, as if fully restated herein.

ANSWER 6: Defendant incorporates its answers to Paragraphs 1 through 5, as if fully restated herein.

7. Bernard Mulder was a member of the International Brotherhood of Teamsters, Local 705 (the "Union") at all times relevant to this litigation.

ANSWER 7: Defendant admits that Plaintiff was a member of the International Brotherhood of Teamsters Local 705 for much of the time relevant to this litigation, but lacks information sufficient to admit or deny that he was a member "at all times relevant to this litigation."

8. As a member of the Union, Bernard Mulder made monthly contributions from his paycheck for employee benefits, including a pension benefit.

ANSWER 8: Defendant denies the allegations of Paragraph 8.

9. He first became a member of the Union in 1956.

ANSWER 9:  Defendant lacks information sufficient to admit or deny the allegations of Paragraph 9.

10. After accumulating 30 years of service, and making all required contributions to the Pension Fund, Bernard Mulder contemplated retirement, and securing his pension from the Pension Fund.

ANSWER 10:  Defendant lacks information sufficient to admit or deny the allegations of Paragraph 10.

11. Effective April 1, 1987, Bernard Mulder applied for his pension benefits from the Pension Fund.

ANSWER 11:  Defendant denies the allegations of Paragraph 11.

12. Thus began a 27-year struggle for Bernard Mulder to receive his pension benefits from the Pension Fund.

ANSWER 12:  Defendant denies the allegations of Paragraph 12.

13. The Pension Fund refused to award Bernard Mulder his 30 and Out pension benefits pursuant to the Pension Fund until January 24, 2014.

ANSWER 13:  Defendant admits that it paid a retroactive pension benefit to Plaintiff in January 2014, but denies the remaining allegations of Paragraph 13.

14. On January 24, 2014, the Pension Fund paid Bernard Mulder $235,446.52, which included 218 payments at $612.14 per month, and 102 payments at $1,000 per month.

ANSWER 14:  Defendant admits the allegations of Paragraph 14.

15. The Pension Fund did not pay interest for the 27 years that it withheld Bernard Mulder's pension benefit.

ANSWER 15: Defendant admits that it did not pay interest with the benefit payment made in January 2014, but denies that the non-payment of interest was improper and denies any remaining allegations of Paragraph 15.

16. The Pension Fund should have paid Mr. Mulder a benefit equal to $1,500 for each month from April 1987, to the present, and into the future.

ANSWER 16: Defendant denies the allegations of Paragraph 16.

17. On September 26, 2014, Bernard Mulder asked that the Pension Fund provide to him the documentation that would establish the return on investment that the Pension Fund had secured over this 27-year period. See, Exhibit C.

ANSWER 17: Defendant admits that Exhibit C is a true and correct copy of the letter it received from Plaintiff's counsel dated September 26, 2014, requesting information regarding the Pension Fund's rate of return, but denies the remaining allegations in Paragraph 16.

18. The Pension Fund failed to provide the information regarding the return on investment for the Pension Fund.

ANSWER 18: Defendant admits that it did not provide information regarding its return on investment, but denies that it failed to respond to Plaintiff's September 26, 2014 letter, and denies any remaining allegations of Paragraph 18.

19. Since the Pension Fund refused to provide this information, Bernard Mulder, through counsel, demanded interest at a rate of 13% for each of the payments that were made. This demand was dated April 13, 2015. See, Exhibit D.

ANSWER 19: Defendant denies the allegations of Paragraph 19.

20. The Pension Fund has not responded to this demand.

ANSWER 20: Defendant admits that it did not respond to Plaintiff's demand, but states that Defendant never received Plaintiff's April 13, 2015 letter, and denies any remaining allegations of Paragraph 20.

21. Additionally, Mr. Mulder repeatedly sought from the Pension Fund documentation relating to an increase in the 30 and Out pension benefit in 1987 to $1,500 per month, including a copy of a letter from the Pension Fund written to Mr. Mulder in 1986, encouraging Mr. Mulder to wait to apply for his pension until 1987, so he would receive this increased benefit.

ANSWER 21: Defendant denies the allegations of Paragraph 21.

22. The Pension Fund repeatedly provided documents that did not confirm the increased 30 and Out benefit, starting in 1987, all the way through the filing of this Complaint. Finally, when a copy of the front page of the missing Summary Plan Description was provided to the Pension Fund, that document was provided to counsel for Mr. Mulder after this suit was filed, on April 13, 2017. See, Exhibit E. The Pension Fund has never returned to Mr. Mulder the letter from the Pension Fund dated in 1986, encouraging Mr. Mulder to delay his pension application until 1987.

ANSWER 22: Defendant denies the allegations of Paragraph 22.

23. Bernard Mulder has exhausted all of his administrative remedies, and the failure and refusal of the Pension Fund to respond to his demand for interest establishes that it would be futile to attempt to exhaust administrative remedies with this Defendant. As for an increased monthly benefit, to $1,500 per month, the failure of the Pension Fund to provide documents for over 27 years, and requiring the filing of a lawsuit, to secure the documents, establishes the futility of any further exhaustion.

ANSWER 23: Defendant denies that Plaintiff timely exhausted all of his administrative remedies, and further denies that it would have been futile for Plaintiff to attempt to timely exhaust his administrative remedies, and denies any remaining allegations in Paragraph 23.

## COUNT I

24. Plaintiff restates ¶1-23, above, as if fully restated herein.

ANSWER 24: Defendant incorporates its answers to Paragraphs 1 through 23, as if fully restated herein.

25. The Pension Fund withheld Bernard Mulder's pension benefit for 320 months, from April 1, 1987 until January 24, 2014, and, when it did make a payment on January 24, 2014, it underpaid Mr. Mulder by $500 per month from April of 1987, to the present.

ANSWER 25: Defendant admits that it made a retroactive benefit payment to Defendant on January 24, 2014, but denies the remaining allegations of Paragraph 25.

26. When it finally paid Bernard Mulder his pension benefit for 320 months, it did not pay any interest for these funds for that period of time.

ANSWER 26: Defendant admits that it did not pay interest to Plaintiff in January 2014, but denies any remaining allegations of Paragraph 26.

27. Bernard Mulder was entitled to receive interest on this payment.

ANSWER 27: Defendant denies the allegations of Paragraph 27.

28. The Pension Fund failed to respond to Bernard Mulder's demand for interest, and would not provide the information he requested relating to the return on investment that the Pension Fund had earned during the 320 month delay.

ANSWER 28: Defendant denies the allegations of Paragraph 28.

29. Bernard Mulder has suffered damages equal to the interest rate he could have secured had the payments been made on a timely basis. The measure of the damages should be the return on investment secured by the Pension Fund between April 1, 1987 and January 24, 2014.

ANSWER 29: Defendant denies the allegations of Paragraph 29.

30. Mr. Mulder is also entitled to an additional pension benefit of $500 per month, from April of 1987, to the present, and into the future, as the Pension Fund has not been paying Mr. Mulder the correct benefit.

ANSWER 30: Defendant denies the allegations of Paragraph 30.

## COUNT II

31. Plaintiff restates ¶1-31, above, as if fully restated herein.

ANSWER 31: Defendant incorporates its answers to Paragraphs 1 through 31, as if fully restated herein.

32. Pursuant to ERISA, Bernard Mulder requested certain specific documents from the Pension Fund on September 26, 2014 (Exhibit F), and September 14, 2011 (Exhibit G).

ANSWER 32: Defendant admits that Exhibit F is a true and correct copy of the letter it received from Plaintiff's counsel dated September 26, 2014, and that Exhibit G is a true and correct

copy of the letter it received from Plaintiff dated September 14, 2011, requesting information from the Pension Fund. The Pension Fund denies any remaining allegations in Paragraph 32.

33. Included in those requested documents were documents establishing the return on investment for the Pension Fund from April 1, 1987 through January 24, 2014 (September 26, 2014). These documents were never provided by the Pension Fund.

ANSWER 33: Defendant admits that in his September 2014 letter, Plaintiff requested information regarding the Pension Fund's return on investment, but denies that Defendant was obligated to provide such information or that Defendant failed to respond to Plaintiff's request. Defendant denies any remaining allegations of Paragraph 33.

34. On September 11, 2011, Mr. Mulder requested the appropriate Summary Plan Descriptions for the Plan. The Summary Plan Description that indicates benefits were increased in 1987 was not provided until April 13, 2017, after this litigation was filed.

ANSWER 34: Defendant admits that Plaintiff requested the Pension Fund's summary plan description, but denies that Exhibit E is a summary plan description and denies any remaining allegations of Paragraph 34.

WHEREFORE, Defendant prays that Plaintiff's Amended Complaint be dismissed, and that this Court enter judgment for Defendant, award Defendant its costs and fees incurred in defending this suit, and grant any other relief it may deem appropriate.

## AFFIRMATIVE DEFENSES

1. Plaintiff began receiving monthly pension benefits from the Pension Fund in October 1995.

2. Plaintiff did not appeal or otherwise contest the amount of monthly benefits paid out starting in October 1995.

3. Plaintiff first contacted the Pension Fund with questions about the amount of his pension benefits in or around September 2011.

4. Notwithstanding Plaintiff's delay in raising questions about the amount of his benefit, the Pension Fund Office worked with Plaintiff for the next two years to obtain and review additional records to reconsider the amount of his benefit.

5. Although not required to change the amount of the monthly benefit Plaintiff had been receiving for over 16 years, on January 1, 2014, the Pension Fund Office determined that the additional records provided by Plaintiff were sufficient for him to qualify for a "30 and out" benefit, retroactive to April 1987.

6. On January 24, 2014, the Pension Fund paid Plaintiff a lump sum payment of $235,446.52, as and for retroactive monthly benefits, which amount consisted of principal only.

7. Because Plaintiff did not contest the October 1995 award of benefits for 16 years, he was not entitled to the January 2014 lump sum payment granted by the Pension Fund Office. Accordingly, an award of an additional $500 monthly benefit and/or interest on the principal payment would further unjustly enrich Plaintiff to the detriment of the Pension Fund and its other participants and pensioners.

8. The delay in reconsidering the amount of monthly pension benefits to which Plaintiff was entitled was due to Plaintiff's inaction for 16 years. Therefore, Plaintiff's claim for additional benefits and/or interest on the retroactive award is barred by latches, unclean hands, estoppel or having otherwise slept on his rights, to the detriment of the Pension Fund and its other participants and pensioners.

9. After Plaintiff received his retroactive payment in January 2014, the Pension Fund Office had no further contact from him until it received his September 26, 2014 letter, requesting documents and information from the Pension Fund.

10. On October 27, 2014, the Pension Fund responded to Plaintiff's letter.

11. The Pension Fund received no further contact from Plaintiff until the instant lawsuit was served on or about January 3, 2017.

12. Any attempt to appeal or contest the amount of the January 24, 2014 payment is untimely under the Plan, which requires that appeals be filed within 60 days.

13. Plaintiff's claims under Count I are barred due to his failure to timely exhaust his administrative remedies prior to filing the instant lawsuit.

14. The Pension Fund timely provided all records required of it under ERISA, 29 U.S.C. §1021, upon request by or on behalf of Plaintiff.

Respectfully submitted,

/s/ Patrick N. Ryan
Patrick N. Ryan
Attorney for Defendant
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606
(312) 236-4316

Timothy J. Ryan
Attorney for Defendant
JACKSON LEWIS, PC
61 Commerce Ave. SW, 5th Floor
Grand Rapids, MI 49503
(616) 940-0243

I:\705p\Mulder, Bernard\answer to AMENDED complaint pnr.kp.wpd

**CERTIFICATE OF SERVICE**

The undersigned, an attorney of record, hereby certifies that on June 15, 2017, he electronically filed the foregoing document (Defendant's Answer to Amended Complaint and Affirmative Defenses) with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Mr. Mark S. Allard
Varnum, LLP
Bridgewater Place, P.O. Box 352
Grand Rapids, MI   49501-0352
msallard@varnumlaw.com

*/s/ Patrick N. Ryan*
Patrick N. Ryan
Attorney for Defendant
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606
(312) 236-4316


Timothy J. Ryan
Attorney for Defendant:
JACKSON LEWIS, PC
61 Commerce Ave. SW, 5th Floor
Grand Rapids, MI 49503
(616) 940-0243

I:\705p\Mulder, Bernard\answer to AMENDED complaint pnr.kp.wpd